IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STINSON, INC.                                                                                            APPELLANT

v.                                           Case No. 2:12-CV-02087

ARVEST BANK                                                                                               APPELLEE

UNITED STATES TRUSTEE                                                                            TRUSTEE

**O R D E R**

On June 5, 2012, the Court issued the parties an Order to Show Cause as to why this action should not be dismissed for lack of jurisdiction. The parties submitted written responses to the Order to Show Cause, and the Court is now informed of the issues pertinent to the Court's jurisdiction over these matters.

On February 7, 2012, the U.S. Bankruptcy Court for the Western District of Arkansas, Fort Smith Division, issued an order ("the February order") denying debtors'[1] motion to compel, among other things, payment of a refund or credit by Appellee Arvest Bank. The Bankruptcy Court decided that Arvest Bank was not legally obligated to pay Appellant the credit it claimed it was owed. Months after the February order was entered, and after Appellant had filed a Notice of Appeal of that order in this Court, the Bankruptcy Court issued an amended order, dated June 4, 2012, in which the Bankruptcy Court struck from its February order certain language regarding the order's finality and appealability. The Bankruptcy Court accordingly "made no determination that the previous [February] order was a final and appealable order..." (Doc. 13-1). It is now for this Court to decide

---

[1] The "debtors" referred to in the Bankruptcy Court proceedings are, collectively, the Appellant in the case at bar and the Appellants in four other cases pending before this Court (Case Nos. 2:12-CV-2084, 2:12-CV-2085, 2:12-CV-2086, and 2:12-CV-2088).

whether the February order of the Bankruptcy Court, which is the subject of the instant appeal, was a final and appealable order.

The district courts "shall have jurisdiction to hear appeals from final judgments, orders and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). To determine whether the February order is "final," the Court must conduct a specialized inquiry. "[I]n bankruptcy proceedings the courts take a more liberal view of what constitutes a separate dispute for purposes of appeal." *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984). "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case . . ." *In re Saco Local Development Corp.*, 711 F.2d 441, 445 (1st Cir. 1983) (cited to with approval by the Eighth Circuit in *Leimer*). Specifically, the Eighth Circuit directs the district courts to consider the following when determining whether a bankruptcy order is final: (1) the extent to which the order leaves the Bankruptcy Court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding. *In re Olson*, 730 F.2d 1109 (8th Cir. 1984).

Applying these three factors, the Court concludes that the February order of the Bankruptcy Court is final for purposes of appeal. First, it is clear that the parties have settled the matter as between Appellant and its only secured creditor, Appellee Arvest Bank. *See* Settlement Agreement, Doc. 11-4. Therefore, as between Appellant and Arvest, there remains nothing more for the Bankruptcy Court to do than enforce the Settlement Agreement and potentially appoint Chapter 11 trustees to assist in developing a reorganization plan. The Bankruptcy Court's decision regarding the alleged credit owed by Arvest to Appellant, which is not set forth as part of the written

Settlement Agreement, was a decision made on the merits and resulted in a final determination that Arvest did not owe Appellant a credit and that the payment terms of the Settlement were to be followed, as set forth in the Settlement Agreement.  Second, delaying review of the matter of the alleged credit would prevent Appellant from obtaining effective relief, as Appellant would be required to go without payment of its alleged $70,000 credit and wait until the conclusion of the entire bankruptcy proceedings to appeal this discrete issue.  Third, although the Court is without sufficient facts to be convinced that a later reversal on the issue of the alleged credit would require recommencement of the entire bankruptcy proceedings, it is conceivable that other creditors could present themselves prior to the conclusion of all proceedings, and the issue of the alleged credit would thereby affect the ultimate distribution of the remaining assets in the estate.

It is therefore the Court's determination that the February order is a final judgment as to the issue of Appellee Arvest Bank's legal obligation to issue a credit to Appellant to offset payments made pursuant to the parties' Settlement Agreement.  The Court shall have jurisdiction to hear the appeal of this discrete matter pursuant to 28 U.S.C. § 158(a)(1).  Accordingly, and pursuant to this Court's Order of June 13, 2012, Appellee's Response Brief shall be due fourteen (14) days from today, on July 2, 2012.

IT IS SO ORDERED this 18th day of June, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE